IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-3009-D

| | | |
|---|---|---|
| ROBERT S. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN WADDELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 7, 2026, Robert S. Ballard ("Ballard" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Ballard moves to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the complaint as frivolous.

The allegations of Ballard's complaint arose at Maury Correctional Institution ("Maury"). See [D.E. 1] 5–7. Ballard names as defendants Warden Waddell ("Waddell"), Nurse Raven J. Barnes ("Barnes"), 1st Shift Nursing Staff, and 2nd Shift Nursing Staff. See id. at 3–4. Ballard alleges he suffers from pain in his lower back and feet and the nurses at Maury delayed bringing him his pain medication by as much as five hours on several occasions. See id. at 5–6.

On December 18, 2025, the court dismissed Ballard's virtually identical complaint under 28 U.S.C. § 1915(g) or alternatively for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). See Order at 3, Ballard v. 1st Shift Nurse, No. 5:25-CT-3249 (E.D.N.C. Dec. 18, 2025) ("Ballard I"), [D.E. 9]. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, at *1 (4th Cir. 2000) (per curiam)

(unpublished table decision) (citations omitted); see D.C. ex rel. Chaplick v. Fairfax Cnty. Sch. Bd., 171 F.4th 255, 265 (4th Cir. 2026); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). Additionally, under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). Ballard's complaint duplicates his prior action. Compare [D.E. 1], with Compl., Ballard I, [D.E. 1]. Moreover, the court cannot reach a different legal decision from Ballard I in light of the final judgment on the merits. See Rosado, 2025 WL 1232914, at *1. Thus, the court dismisses the complaint as frivolous.

In sum, the court DISMISSES the action as frivolous and DENIES plaintiff's motion to proceed in forma pauperis [D.E. 2]. The clerk SHALL close the case.

SO ORDERED. This 7 day of October, 2026.

JAMES C. DEVER III
United States District Judge